## SMITH *v.* BUSKIRK.

Suit on a bond. Plea, payment. *Held*, that the plaintiff, to rebut the presumption of payment from lapse of time, might prove that, pending the suit, the defendant proposed to the plaintiff's attorney to pay the bond in property.

ERROR to the *Monroe* Circuit Court.

BLACKFORD, J.—This was an action of covenant, commenced by *Smith,* assignee of *Thomas C. Childs* and Co., against *Michael* and *John S. Buskirk,* in *October,* 1839. The suit was founded on a bond, executed to the assignors, for the payment of 258 dollars and 81 cents in good merchantable hatters' fur. The bond was dated in 1815, and

May Term,
1845.

SMITH
v.
BUSKIRK.

payable nine months after date. Breach, that the defendants had not delivered the fur nor paid the money. The writ was returned "not found" as to *John S. Buskirk*. The defendant, *Michael Buskirk*, pleaded payment to the obligees in hatters' fur, according to the covenant. Replication in denial of the plea. The parties agreed that any matter might be proved under the plea, which could be specially pleaded as payment or accord and satisfaction, and that the same might be rebutted by evidence. Verdict for the defendant; motion for a new trial overruled; and judgment on the verdict.

On the trial, the plaintiff, to rebut the presumption of payment arising from lapse of time, examined a witness who stated that the bond sued on was placed in his hands for collection; that he had had two conversations with the defendant, *Michael Buskirk*, in regard to it, one before the suit was commenced, the other afterwards; that in one of those conversations, *Buskirk* proposed to pay the bond in horses or land or both. This testimony, on the defendant's motion, was rejected on the ground that it proved a proposition of compromise.

The plaintiff also read a deposition which is substantially as follows: About the 1st of *August*, 1840, the deponent was passing through *Bloomington*, and saw *Michael Buskirk;* and having been requested by Mr. *Smith* to ascertain what had been done between *Smith* and him, *Buskirk*, the deponent asked him, *Buskirk*, if any thing had been done. He answered no, that he had had the suit put off for the want of some witness, by whom he expected to prove that there should have been more credits on the note. He then observed, "I suppose you have understood the proposition I have made. I proposed to pay the note off in land, and could then do it if *Smith* would take it." The deponent told him he did not think it would suit *Smith*. He then observed, that if he had to pay it in money, he would keep it off as long as he could. The deponent heard nothing from *Buskirk*, intimating that he had offered the land for the purpose of making a compromise. The defendant moved the Court to instruct the jury to disregard this deposition, on the ground that it showed a proposition to compromise; and the Court accordingly instructed the jury to disregard it, except these words, viz.,

"He then observed, that if he had to pay it in money, he would keep it off as long as he could."

We think the Court erred in their decision on these motions. It is said that if *A.* sue *B.* for £100, and *B.* offer to pay him £20, it shall not be received in evidence; for this *neither admits nor ascertains any debt,* and is no more than saying he would give £20 to get rid of the action. Bull. N. P. 236. But the case before us is different. The evidence of the witness, and the part of the deposition rejected, by proving an offer to pay the bond sued on in property, both show an admission of the existence of the debt, and are consequently admissible to rebut the presumption relied on by the defendant.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*C. P. Hester,* for the plaintiff. ·

*J. S. Watts,* for the defendant. ·